UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LYNN AUGUSTIN

            Plaintiff,      COMPLAINT

                     **05 CV 0135**
                     **Judge Buchwald**
                     **ECF CASE**

    -against-             JURY TRIAL
                     DEMANDED

THE CITY OF NEW YORK, JOHN DOE (1 through 4),
the names being fictitious and presently unknown,
individually and in their official capacity as employees
of the New York City Police Department.

            Defendants.
------------------------------------------------------------------------X

   The plaintiff, LYNN AUGUSTIN, by his attorney, Karl Franklin, Esq., alleges the following, upon information and belief for his Complaint:

PRELIMINARY STATEMENT

   1.  This civil rights action arises from the January 7, 2004 unlawful arrest of Mr. Augustin. The Plaintiff LYNN AUGUSTIN seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. §1981, §1983 and §1988 and of the rights secured by the United States Constitution, Amendments Four and Fourteen and for the rights secured under the Constitution of the State of New York, Article I, Sections 11 and 12 and the common law of the State of New York. Plaintiff seeks both compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§1331 and §1343(3). Plaintiffs assert jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff request that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. Sec. 1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that District.

## NOTICE OF CLAIMS

4. Within ninety days after claim arose, Plaintiff Augustin filed Notice of Claim upon defendant City of New York, by delivering copies thereof to the person designated by laws as a person to whom such claims may be served.

5. The Notice of Claim was in writing, sworn to by Plaintiff Augustin and contained the name and address of the Plaintiff.

6. The Notices of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff Augustin.

7. The City of New York has neglected and failed to adjust the claims within the statutory time period.

8.	This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

**PARTIES**

9.	Plaintiff LYNN AUGUSTIN resides within Brooklyn, New York.  Mr. Augustin is an African-American citizen of the United States and at all relevant times a resident of the County of Kings, State of New York.

10.	Defendant CITY OF NEW YORK is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to sec. 431 of its Charter. The City of New York has established and maintains the New York City Department of Police as a constituent department or agency of the defendant. At all relevant times, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

11.	Defendant JOHN DOE 1 through 4 is a representative of several police officers employed by the New York City Police Department.

12.	Defendants Doe 1 – 4  (the "individual defendants") were at all relevant times, on duty on January 7, 2004.

13.	At all relevant times, the individual defendants were acting under color of state law.

14.	At all relevant times, the individual defendants were agents, servants and employees acting within the scope of their employment.

15.	At all relevant times herein plaintiff conducted himself lawfully and was not in violation of any of the laws of the State of New York.

## STATEMENT OF FACTS SUPPORTING PLAINTIFF'S CLAIMS

16. On or about January 7, 2004, at approximately 8:30pm, Mr. Augustin was walking on Fulton Street between New York and Nostrand Ave, headed for the A train station on Futon and Nostrand.

17. As Mr. Augustin was walking he noticed a metallic beige Chevrolet Impala car riding besides him. There looked to be approximately four men inside the car, one of them called out "I want to talk to you for a minute".

18. Mr. Augustine not being sure who these men were, because they did not identify themselves as officers and were dressed in plain clothes, kept walking and asked back why did they want to talk to him. One of the men again repeated that they wanted to talk to him. Mr. Augustine said that there was no reason to talk to him and continued walking.

19. Two men jumped out of the car and the driver pulled the car over right beside Mr. Augustine.

20. The two men immediately shoved Mr. Augustine against a wall. Seconds later uniformed officers arrived at the scene.

21. The officers proceeded to arrest Mr. Augustine. They twisted his left arm and wrist leaving bruises. They also pulled his hair which was in a "dred lock" hair style, pulling out several of his locks.

22. Mr. Augustine asked why he was being arrested and what had he done.

23. Some of the officers called him stupid and called him a monkey. The four original arresting officers were white.

24. Mr. Augustine was then placed inside a police car and driven to the 79th Precinct.

25.     Mr. Augustine was held at the precinct for several hours where he was issued two summonses, one for disorderly conduct and the other for possession of marijuana. Which the police knew he did not have because they searched him several times.

26.     Upon information and belief the charges against Mr. Augustine were subsequently dismissed.

27.     Upon information and belief, there have been prior complaints against the individual named defendants. The Defendant City of New has failed to discipline the defendant John Doe, terminate their employment, and/or take other measures to prevent harm to citizens whom they come in contact.

28.     The defendant New York City has failed to properly train and supervise the individual John Doe Defendants and is responsible for their wrongful, negligent, careless and intentional actions.

29.     The individual John Doe Defendants acted within the scope of their employment as officers of defendant City of New York.

30.     The actions of the individual John Doe Defendants in falsely arresting, falsely imprisoning and maliciously abusing the legal process, were in violation of plaintiffs' civil rights to be free from deprivation of freedom without just cause.  The restraint and detention of the plaintiff was totally unprovoked, unreasonable, and without any legal justification or good faith basis, and thereby proximately caused unlawful deprivation of liberty, emotional pain and suffering, mental anguish, humiliation and embarrassment.

31.     Defendants lacked probable cause to arrest plaintiff.  The Defendants actions were intentional, malicious and performed with wanton disregard for the constitutional rights, freedom, health and safety of the plaintiff.

32. At all times during the events that form the basis of this action, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

33. As a result of the acts alleged herein, the plaintiff has suffered extreme mental pain and anguish, pain and emotional distress. Plaintiff spent approximately twenty-four hours in custody. He suffered humiliation, ill treatment, dehumanized and sustained injury to his reputation.

## CAUSES OF ACTION

### A. FEDERAL CONSTITUTIONAL CLAIMS

### FIRST CAUSE OF ACTION

34. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

35. The acts of the Defendants, acting under color of law, in arresting, in verbally abusing Plaintiff, and in physically assaulting plaintiff were done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences to the Plaintiff and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of her Constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

36. As a consequence thereof, plaintiff has been injured.

**SECOND CAUSE OF ACTION**

37. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

38. The acts of the Defendants, acting under color of law, in arresting Plaintiff, verbally abusing Plaintiff, and in physically assaulting Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of her Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

39. As a consequence thereof, plaintiff has been injured.

**THIRD CAUSE OF ACTION**

40. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

41. The conduct and actions of the defendants acting under color of law, in subjecting plaintiff, who is African-American, to assault were motivated by racial animus, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts; were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1981 and the Fifth, Thirteenth and Fourteenth Amendment to the United States Constitution.

42. As a consequence thereof, plaintiff has been injured.

**FOURTH CAUSE OF ACTION**

43. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

44. On information and belief, the defendant New York City Police Department failed to effectively screen, hire, train, supervise and discipline its police officers, including the defendants, for their propensity for violence, including excessive force and restraint, for racial bias, particularly its treatment of African-American people, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other correction officers, thereby permitting and allowing defendants to be in a position to assault, beat and/or excessively restrain the plaintiff and otherwise cause her injury and violate her federal and state constitutional rights.

45. On information and belief, the defendants have been the subject of prior civilian and departmental complaints of misconduct that put, or should have put, the defendant New York City Police Department on notice that defendants were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as conduct complained of by the plaintiff herein.

46. On information and belief, the defendant New York City Police Department failed to put into place and otherwise maintain an adequate structure for risk containment and stress management relative to its officers.  The structure was deficient, inter alia, at the time of pre-selection and selection to properly evaluate and exchange within the command structure information about the performance of individual police officers, the training of supervisory personnel to effectively and adequately evaluate performance of an officer, and to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof.  The net effect of this was to

permit officers of the City of New York to function at levels of significant and substantial risk to the public in general and to the minority community in particular.

47. As a result of a conscious policy, practice, custom or usage, defendant New York City Police Department has permitted and allowed for the employment and retention of individuals whose individual circumstances place public or segments thereof at substantial risk of being victims of violent or racially motivated behavior. Such, practice, custom or usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff.

48. The conduct of the defendant New York City Police Department was the direct and proximate cause of the injuries to the plaintiff.

49. As a consequence thereof, plaintiff has been injured.

**B. STATE COMMON LAW CLAIMS**

**FIFTH CAUSE OF ACTION**

50. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 as if fully set forth herein.

51. The conduct of defendants in arresting and assaulting the Plaintiff constituted the following torts under the laws of the State of New York:

a. assault;

b. battery;

c. trespass upon the person of Plaintiff;

d. negligence;

e. false arrest;

f. false imprisonment;

g. malicious prosecution;

h. intentional infliction of emotional distress in that the Defendants intended to and did cause the plaintiff severe emotional distress, and the defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society.

52. The failure of the defendant City of New York and New York City Police Department to properly hire, screen, supervise and train defendant's constituted the tort of negligence.

53. As a consequence thereof, plaintiff has been injured.

## C . <u>STATE CONSTITUTIONAL CLAIMS</u>

### <u>SIXTH CAUSE OF ACTION</u>

54. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

55. The acts of the Defendants, acting under color of law, in arresting Plaintiff and in physically assaulting Plaintiff were done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences to the Plaintiff and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of her Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

56. As a consequence thereof, plaintiff has been injured.

## SEVENTH CAUSE OF ACTION

57. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 of this complaint as if fully set forth herein.

58. The acts of the Defendants, acting under color of law, in arresting Plaintiff, and assaulting Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

59. As a consequence thereof, plaintiff has been injured.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:

1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

2. A declaration that plaintiff's right to be free from unreasonable searches and seizures under New York State Constitution was violated;

3. A declaration that plaintiff's right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

4. A declaration that plaintiff's right to be free from malicious prosecution under the United States Constitution was violated;

     5.     A declaration that plaintiff's right to be free from excessive and unreasonable force under the New York State Constitution was violated;

     (B)     Compensatory damages in an amount to be determined by a jury;

     (C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

     (D)     An award to plaintiff of the costs and disbursements herein;

     (E)     An award of attorney's fees under 42 U.S.C. '1988;

Such other and further relief as this Court may deem just and proper.


Dated: Brooklyn, New York
       January 6, 2005

                                                _____
                                                KARL FRANKLIN
                                                Attorney for Plaintiff
                                                26 Court Street, Suite 2205
                                                Brooklyn, New York 11242
                                                (718) 875-1850